UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                                                                     PLAINTIFF

v.                                             No. 3:20-CR-30010

TONY KELL                                                                                                          DEFENDANT

**OPINION AND ORDER**

Defendant Tony Kell filed a motion (Doc. 32) to modify his sentence pursuant to the First Step Act amendments to 18 U.S.C. § 3582(c).  The Government filed a response (Doc. 35) in opposition and an exhibit under seal (Doc. 36).  In addition to the motion, the Court has reviewed other documents on the record, including the presentence investigation report (Doc. 24).  The motion will be DENIED.

The Court may modify a term of imprisonment on motion by a defendant if the defendant has exhausted BOP administrative remedies or that process has stalled for 30 days, extraordinary and compelling reasons consistent with Sentencing Commission policy statements warrant the modification, and a consideration of 18 U.S.C. § 3553(a) factors supports modification.  18 U.S.C. § 3582(c).

On October 1, 2020, Defendant pled guilty to one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1).  Defendant was held responsible for 4,535.92 grams of marijuana, as well as 2,337.37 grams of actual methamphetamine and 41.69 grams of fentanyl, which were found with Defendant at the time of his arrest.  Defendant also received an enhancement for possession of a firearm in connection with the offense.  Though the United States sentencing guidelines recommended a term of imprisonment of 168 to 210 months, on January 27, 2021, the Court varied downward and sentenced Defendant to 90 months

imprisonment, three years of supervised release, and a special assessment of $100.  In fashioning this sentence, the Court considered Defendant's diagnosis of chronic obstructive pulmonary disease and his other heart conditions, but found that the BOP was prepared to assist Defendant in the treatment of these maladies.

Defendant began serving his sentence on March 29, 2021, and thus far has served 16 months of the 90 months sentence.  Defendant's current projected release date is August 13, 2027, and Defendant requests modification of his sentence to time served.  Defendant has exhausted his administrative remedies.

Defendant's motion will be denied because the § 3553(a) factors do not support modification of Defendant's sentence.  As to the nature and circumstances of the offense, Defendant was held responsible for a large amount of methamphetamine, marijuana, and fentanyl, and the evidence suggested that the methamphetamine involved in the offense did not appear to be a one-time transaction and involved a substantial amount of money.  The amount of illicit substances found in just one arrest also highlights the seriousness of the offense.

Additionally, the Court notes that Defendant was already granted a downward variance of 78 months.  Further reducing Defendant's sentence to just 16 months would not promote respect for the law, serve as an adequate deterrent to criminal conduct, nor advance the need to avoid unwarranted sentence disparities.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 32) is DENIED.

IT IS SO ORDERED this 4th day of August, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE